# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,        :       Case No. 3:08-cr-116

                                          District Judge Walter H. Rice

   -  vs  -                         Magistrate Judge Michael R. Merz

BRYAN K. JOHNSON,

                Defendant.      :

---

# REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant's First Step Act Motion which seeks the application to his case of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 51943 (Motion, ECF No. 496). The United States opposes the Motion (ECF No. 498). Defendant's time to file a reply memorandum in support expired July 8, 2019, and no reply memorandum has been filed.

All First Step motions are referred to the undersigned pursuant to General Order Day 13-01.

**Sentencing History**

On August 13, 2008, the Grand Jury for this Court returned a 49-count Indictment against 13 individuals. Defendant was charged on Counts 1-5, 32-33, and 35-38 (ECF No. 31). Defendant

pleaded guilty to Counts 1, 2, and 32 of the Indictment (Plea Agreement, ECF No. 108, PageID 821). On February 12, 2009, he was sentenced to 144 months imprisonment on each of Counts 1 and 2 and 48 months of Count 32 with attached supervised release terms, and with the sentences to be served concurrently (Judgment, ECF No. 154). Count 1 charged Johnson with conspiring to distribute in excess of fifty grams of cocaine base and one hundred grams of heroin. Count 2 charged the employment of persons under eighteen years of age to violate the controlled substances laws. Count 32 charged use of a communication facility in the commission of the conspiracy. (Indictment, ECF No. 31). At the time of sentencing, the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372, had not yet been enacted, so the statutory range was ten years to life because more than fifty grams of crack cocaine was involved.

The Fair Sentencing Act became effective August 3, 2010, reducing the statutory range to five to forty years for the amount of crack cocaine involved here. On December 13, 2011, on joint recommendation of the parties based on the Fair Sentencing Act, Johnson's 144 month sentence was reduced to 117 months (Decision and Entry, ECF No. 363, citing Motion for Retroactive Application of Sentencing Guidelines, ECF No. 358 ).

On November 1, 2014, the United States Sentencing Commission promulgated Guideline Amendment 782, which reduced the guideline range for Johnson's offense to eight-seven to 108 months. On Defendant's March 3, 2015, Motion to Reduce Sentence (ECF No. 416), the Court further reduced his sentence to ninety-four months (Order, ECF No. 417).

Johnson began serving his supervised release sentence October 30, 2015. However, on April 19, 2017, Johnson was indicted by a Montgomery County grand jury for possession of carfentanyl, methamphetamine, cocaine, and criminal tools. Notified of that fact, the Court issued a warrant for Johnson's arrest (ECF No. 460). On September 19, 2017, Johnson was convicted in

state court on two counts of aggravated possession of drugs (less than five times bulk) and sentenced to twenty-four months imprisonment. On November 16, 2017, Johnson admitted the supervised release violation (Minute Entry, ECF No. 470). Judge Rice revoked his supervised release and sentenced him to thirty-eight months imprisonment, to be served concurrently with the state sentence, and a reimposed supervised release term of twenty-two months (Decision and Entry, ECF No. 472).

**Johnson's Position**

Johnson asserts that when he was re-sentenced in 2011, the Court focused on the changed guideline range rather than the new statutory range adopted by the Fair Sentencing Act (Motion, ECF No. 496, PageID 2579-80). Although Johnson had four criminal history points when originally sentenced, he argues he would have none today because he would have qualified for safety valve relief and two of his prior convictions would not have produced criminal history points under current Guidelines. With a criminal history category of I and an adjusted offense level of 28, his current guideline range would be 78-97 months. *Id.* at PageID 2581. Johnson notes that his state sentence for the offense which produced his supervised release violation ended May 10, 2019, and his federal sentence on that violation will end November 8, 2019. *Id.*

**The Government's Position**

Although Johnson was sentenced before the Fair Sentencing Act took effect, the Government notes he was re-sentenced in 2011 as if the Fair Sentencing Act had applied. Because

a defendant who was sentenced under the Fair Sentencing Act is not eligible for relief under § 404 of the First Step Act, neither should someone who was re-sentenced under the Act be eligible (Memo. in Opp., ECF No. 498, PageID 2587). Second, the United States asserts Johnson is not eligible for treatment under the safety valve because the safety valve provision of the First Step Act is not applicable retroactively. *Id.* Third, the United States notes Johnson's present imprisonment is pursuant to a supervised release violation that involved the same drug trafficking conduct for which he was initially sentenced. Reducing his supervised release term because he has somehow overserved his sentence would be contrary to *United States v. Johnson*, 529 U.S. 53 (2000). *Id.* at PageID 2587-88. Finally the Government notes that any sentence reduction under the First Step Act is discretionary and its requests the Court not to exercise its discretion in that way because of the danger Johnson poses to the community. *Id.* at PageID 2588.

# Analysis

The Government's position in this matter is well-taken. The purpose of the First Step Act was to make the benefits of the Fair Sentencing Act available to those who were sentenced before it became effective. By virtue of his first sentence reduction, however, Johnson has already received the benefit of the Fair Sentencing Act's reduction of mandatory minimum sentences for crack cocaine distribution.

Second, the authority cited by the United States holds that the safety valve provision of the First Step Act does not apply retroactively. By its terms, § 402 of the First Step Act, the safety valve provision, applies "only to a conviction entered on or after the date of this Act." Johnson was convicted many years before passage of the Act.

Third, the imprisonment time Johnson is now serving is for a supervised release violation. The sentence imposed by the Court for the supervised release violation was based on the Sentencing Guideline provisions applicable to violations, with the violation calculated to be a Category B and the criminal history on the underlying charge being a 3, resulting in a sentence of thirty-eight months (Minute Entry, ECF No. 471, PageID 24765). Twenty-four months of that sentence was punishment for the new criminal conduct, considered by itself, because this Court ordered the federal sentence to be served concurrently with the state court sentence. Thus, the additional punishment for committing while on supervised release the same criminal conduct – drug trafficking – which resulted in the original imprisonment was slightly over a year. It would undermine the purposes of supervised release to impose no or very little additional punishment for a supervised release violation which essentially repeats the underlying criminal behavior.

The Magistrate Judge concludes that the First Step Act does not properly apply to Defendant's situation and the Motion should therefore be DENIED.

If the Court rejects this recommendation and concludes that the First Step Act does apply, the Magistrate Judge has no comment on the Government's request that the Court exercise its discretion against a further sentence reduction. Discretionary decisions regarding felony sentences are solely a matter for District Judge consideration.


July 15, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).